OPINION
{¶ 1} On May 28, 1997, appellant, Troy Harden, pled no contest to one count of domestic violence in violation of R.C. 2919.25. The trial court found appellant guilty. By judgment entry filed June 10, 1997, the trial court sentenced appellant to eleven months in prison, suspended in lieu of five years of community control.
 {¶ 2} On November 21, 2001, appellee, the State of Ohio, filed a motion to revoke appellant's community control. A probable cause hearing was held on December 4, 2001. Probable cause was found and a hearing was scheduled for March 11, 2002. On December 11, 2001, appellant was appointed counsel.
 {¶ 3} Appellant failed to appear for the March 11, 2002 hearing, but was represented by counsel. The trial court revoked appellant's bond and issued a warrant for his arrest.
 {¶ 4} Appellant was arrested on March 12, 2002. On March 14, 2002, appellant appeared for the revocation hearing and requested a continuance. Said request was denied and the hearing proceeded. By judgment entry filed March 19, 2002, the trial court found appellant violated the terms of his probation and sentenced him to eleven months in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO CONTINUE THE REVOCATION HEARING."
 I {¶ 7} Appellant claims the trial court erred in denying his request for a continuance of his revocation hearing. We disagree.
 {¶ 8} The granting of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} Appellant argues because the trial court proceeded with the hearing, he was denied the opportunity to investigate the charges or call witnesses on his behalf. He argues the motion to revoke was based on criminal charges in Hocking and Perry counties and if given the chance, he would have contested the charges and shown he was amenable to probation. Appellant's Brief at 3.
 {¶ 10} At the beginning of the March 14, 2002 hearing, appellant requested a continuance because of a lack of communication and contact with his counsel. March 14, 2002 T. at 6-8. However, during the March 11, 2002 hearing for which appellant failed to appear, appellant's counsel informed the court he mailed items to appellant on January 17th and "I since have had contact with him from my office. He gave me his pager number. He told me what was going on in other cases." March 11, 2002 T. at 4.
 {¶ 11} The only witness called during the March 14, 2002 hearing was appellant's probation officer, Jennifer Konkler. In addition to the criminal charges from Hocking and Perry counties, Ms. Konkler testified to several other violations, including failing to maintain employment, failing to report to his probation officer, failing to keep his financial obligation to the court, providing false information to the court, possessing or using drugs without a doctor's prescription and failing to comply with counseling orders. March 14, 2002 T. at 11-13. Ms. Konkler admitted the charge in Hocking County had been dismissed and if he was found not guilty of the Perry County charge, the "drug use and the failing to report" violations are the most serious. Id. at 11, 16. Appellant's counsel had the opportunity to cross-examine Ms. Konkler on each of the alleged violations. Id. at 19-34. Ms. Konkler admitted there was no coincidence between the date of her letter to the prosecutor asking for revocation and appellant's indictment in Perry County. Id. at 33-34. Ms. Konkler stated the indictment was "one of the reasons, but that was the major reason." Id. at 34. In other words, it was "the straw that broke the camel's back." Id.
 {¶ 12} At the conclusion of the hearing, the trial court found appellant was not amenable to probation, putting significant weight on the fact that appellant "has sporadically reported to the Probation Department," "has failed to pay for the drug tests," "has tested positive for marijuana use," "tested positive for methamphetamine and for cocaine usage" and "has sporadically reported for purposes of counseling as ordered by the Probation Department." Id. at 45-46. The trial court specifically stated it was not going to consider the criminal charge in Perry County:
 {¶ 13} "The Court is not going to consider the fact that there's a criminal case pending for receiving stolen property in Perry County, because it's strictly charges and the Court is not going to put much — since there's no testimony to the fact, other than the fact he's been charged, the Court's not going to consider that for any purpose." Id. at 45.
 {¶ 14} Given the fact counsel was appointed for appellant three months prior to the hearing, appellant's counsel admitted to having contact with appellant sometime after January 17th, the hearing was originally scheduled for March 11, 2002 and appellant failed to appear, the only witness during the revocation hearing was appellant's probation officer, and the trial court did not even consider the criminal charges in Hocking and Perry counties, we find appellant's arguments herein lack merit. The trial court did not abuse its discretion in denying appellant's request for a continuance.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
topic: continuance on hearing for motion to revoke — denied.